# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LINDSEY MARIE C.,[1]          )
                               )
          **Plaintiff,**    )
                               )     **CIVIL ACTION**
**v.**                         )
                               )     **No. 22-1097-JWL**
**KILOLO KIJAKAZI,**    )
**Acting Commissioner of Social Security,**    )
                               )
          **Defendant.**    )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) for additional evidence (which the Appeals Council determined "does not show a reasonable probability that it would change the outcome of the decision" and did not exhibit in the administrative record) to be considered by the Commissioner.  (R. 2).[2]  Plaintiff does not allege any specific error in the Administrative Law Judge's (ALJ) decision beyond the Appeals Council's alleged failure.  Finding Plaintiff did not show "good cause for not informing [the Social Security Administration (SSA)] about or submitting the evidence as

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] Plaintiff concludes her Brief, "Remand is required because the Appeals Council erred in rejecting [Plaintiff]'s newly submitted evidence."  (Pl. Br. 17) (citing <u>Fletcher v. Saul</u>, No. CV 18-2085-KHV, 2019 WL 3765613, at *4 (D. Kan. Aug. 9, 2019).

described in [20 C.F.R.] § 404.935," 20 C.F.R. § 404.970 and that there is not a reasonable probability the evidence would change the outcome of the decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 15, 2020.  (R. 20, 229, 231).  The ALJ issued an unfavorable decision on August 17, 2021.  Id. at 20-37.  Plaintiff sought Appeals Council review of the ALJ's decision and included additional evidence with her request, consisting of a brief from counsel and a letter from Dr. Clark, a psychologist who had treated her.  (R. 8-11, 372-74).  The Appeals Council denied review, issued an order noting it had received additional evidence which it was "making part of the record" and denominated the request for review and counsel's brief as Exhibits 17B and 27E, respectively, in the administrative record.  Id. at 1-5.  In its Notice of Appeals Council Action, the council noted it had also received Dr. Clark's letter: "You submitted records from The Guidance Center, October 11, 2021 (4 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence."  Id. 2.  The Appeals Council included this additional evidence in the "Administrative documents and oral hearing transcript" section of the "Social Security Administrative Record" it filed with the court but not in any of the Exhibit sections, A, B, D, E, or F.  (Doc. 8, & Attachs. 2, 3).  Having exhausted her remedies

before the SSA, Plaintiff filed this case pursuant to 42 U.S.C. § 405(g) seeking remand

for consideration of Dr. Clark's letter pursuant to the court's authority under sentence six.

## II.    Discussion

###     A.     Applicable Legal Standard

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act, sentence six, provides, "The court … may at

any time order additional evidence to be taken before the Commissioner of Social

Security, but only upon a showing that there is new evidence which is material and that

there is good cause for the failure to incorporate such evidence into the record in a prior

proceeding."  42 U.S.C. 405(g).  The Tenth Circuit has recognized two different

standards of review when a court considers additional evidence presented for the first

time to the Appeals Council.  Krauser v. Astrue, 638 F. 3d 1324, 1328 (10th Cir. 2011).

Where the Appeals Council determines, or implicitly determines, the evidence qualifies

for acceptance into the record, the reviewing court accepts that evidence and includes the

evidence in its substantial evidence review of the Commissioner's final decision without

separate consideration of the requirements for qualification.  Id. (citing Martinez v.

Barnhart, 444 F.3d 1201, 1207–08 (10th Cir. 2006); Hill v. Astrue, 289 F. App'x. 289,

293 (10th Cir.2008); Foy v. Barnhart, 139 F. App'x. 39, 41–42 (10th Cir.2005)).  Where

the Appeals Council rejects the evidence as non-qualifying, however, a reviewing court

engages in de novo review to "resolve the matter and remand if the Appeals Council

erroneously rejected the evidence."  Id. (citing Chambers v. Barnhart, 389 F.3d 1139,

1142 (10th Cir. 2004)).

**B.**    <u>Arguments</u>

Plaintiff argues the Appeals Council erred in rejecting the evidence because the record evidence demonstrates a reasonable probability that if Dr. Clark's letter were admitted it would change the outcome of the decision.  (Pl. Br. 9-10).  Plaintiff acknowledges that the applicable regulation, 20 C.F.R. § 404.970, identifies five criteria for additional evidence to be admitted into the record if it is (1) new; (2) material; (3) related to the period on or before the ALJ's decision; (4) there is a reasonable probability that it will change the outcome of the decision; and (5) there is good cause for not previously submitting the evidence.  <u>Id.</u> 10-11.  She argues, however that the Appeals Council based its determination not to admit the evidence on a single factor, improbability of changing the outcome, and the court's consideration of any other factor would be upholding the Commissioner's decision by <u>post hoc</u> rationalization and is prohibited.  <u>Id.</u> (citing <u>Haga v. Astrue</u>, 482 F.3d 1205, 1207-08 (10th Cir. 2007)). Plaintiff also argues, nevertheless, that the other factors are met in that the evidence is new and not duplicative or cumulative, is related to the period on and before the ALJ's decision, and there is good cause for not submitting the evidence earlier because the evidence was not created until after the ALJ's decision and was submitted to the Appeals Council the day after it was created.  <u>Id.</u> at 12.

Plaintiff argues the Tenth Circuit has treated the remaining factors, materiality and probability of changing the outcome, somewhat interchangeably and that, properly evaluated, those factors justify admission of Dr. Clark's letter into the record evidence. <u>Id.</u>  She argues the additional evidence demonstrates Dr. Clark's treatment of Plaintiff

was not so limited as the ALJ concluded in his decision. Id. 13-14.  She argues the

additional evidence demonstrates that the improvement in Plaintiff's condition relied

upon by the ALJ was isolated and lasted only a day or two, not meeting the requirement

for finding non-disability that an individual must have the "ability to work 'day in and

day out, in the sometimes competitive and stressful conditions in which real people work

in the real world.'"  (Pl. Br. 15) (quoting Beyer v. Berryhill, No. 17-2689-SAC, 2018 WL

4334296, at *6 (D. Kan. Sept. 11, 2018)).  Plaintiff argues the court should follow the

course of another court in this district which "remanded the case because the newly

submitted doctor's opinion had 'a reasonable possibility of changing the outcome and is

therefore material.'"  Id. 16 (quoting Fletcher v. Saul, No. CV 18-2085-KHV, 2019 WL

3765613, *6 (D. Kan. Aug. 9, 2019)).

     The Commissioner argues the issue before this court is whether "substantial

evidence in the record including the October 2021 letter support [sic] the ALJ's August

2021 decision."  (Comm'r Br. 3) (emphasis added).  She argues that contrary to

Plaintiff's argument "[t]he Appeals [Council] did accept [Dr. Clark's] letter, considered

that letter, and that letter did become part of the administrative record."  (Comm'r Br. 4-

5) (citing R. 10-11).  She reiterates, "the Appeals Council accepted and considered the

October 2021 letter, and explicitly found it did not show a reasonable probability that it

would change the outcome of the ALJ's decision."  Id. 5 (citing R. 2).  The

Commissioner argues,

> The regulations explain that that the Appeals Council will only grant a
> request for review based on additional [evidence] if, among other things,
> that additional evidence "is new, material, and relates to the period on or

before the date of the hearing decision, <u>and there is a reasonable probability that the additional evidence would change the outcome of the decision.</u>"  20 C.F.R. § 404.970(a)(5) (emphasis added).  In short, the Appeals Council was explaining that the October 2021 letter did not satisfy the regulatory requirements for granting review.

Plaintiff accurately notes that the Appeals Council did not exhibit the October 2021 letter.  But "exhibiting" evidence and adding evidence to an administrative record are two different actions.  Agency regulations instruct that "[t]he Appeals Council will evaluate all additional evidence it receives, but will only mark as an exhibit and make part of the official record additional evidence that it determines meets the requirements of § 404.970(a)(5) and (b),"—<u>i.e.</u>, if it satisfies the requirements for granting review.  20 C.F.R. § 404.976(b).  The regulations further explain that, if the agency needs to file a certified administrative record in Federal court, the agency "will include in that record all additional evidence the Appeals Council received during the administrative review process, including additional evidence that the Appeals Council received but did not exhibit or make part of the official record."  20 C.F.R. § 404.976.  That is precisely what occurred here (see Tr. 10-11).

<u>Id.</u> 5-6 (emphasis in Commissioner's Brief).  She argues the court should consider Dr. Clark's letter along with the other record evidence in a substantial evidence review under 42 U.S.C.§ 405(g), sentence four, and affirm the decision below.  <u>Id.</u> 6.

In her Reply Brief, Plaintiff reiterates her arguments.  She specifically addresses the Commissioner's contention the Appeals Council accepted the letter but merely found it had no reasonable probability to change the outcome, asserting, "the fact that the Appeals Council did not exhibit [Plaintiff]'s additional evidence indicates that the Appeals Council found the evidence to be 'non-qualifying,' making <u>de novo</u> review appropriate in this case."  (Reply 3) (citing <u>Krauser</u>, 638 F.3d at 1328).  She continues,

mere consideration of newly submitted evidence does not render the evidence "accepted" for the purposes of the Appeals Council's evidentiary review process. Indeed, the Appeals Council is required to evaluate several factors to determine whether to accept evidence, including the factor of

whether there is a "reasonable probability" that the additional evidence will change the outcome of the decision. See 20 C.F.R. § 404.970(a)-(b). Consideration of these factors in determining whether to accept additional evidence does not itself constitute acceptance of the evidence.

(Reply 4) (citing without pinpoint citation <u>Fletcher</u>, 2019 WL 3765613).

## C.    Analysis

The court agrees with Plaintiff that the Appeals Council did not make Dr. Clark's letter a part of the official record and the court must make a <u>de novo</u> review of whether the letter meets the requirements of 20 C.F.R. § 404.970(a)(5) and (b).  The Commissioner is correct that the Appeals Council explained that the letter did not satisfy the requirements of 20 C.F.R. § 404.970(a)(5) and (b) and therefore review would be denied.  (R. 1-2).  She is also correct that "the agency 'will include in that record all additional evidence the Appeals Council received during the administrative review process, including additional evidence that the Appeals Council received but did not exhibit or make part of the official record.'"  (Comm'r Br. 6) (quoting 20 C.F.R. § 404.976).  However, in making her argument, the Commissioner considered the applicable paragraph of the regulation piecemeal, not as a whole.  Here is what it says:

> **Evidence the Appeals Council will exhibit.**  The Appeals Council will evaluate all additional evidence it receives, but will only mark as an exhibit and make part of the official record additional evidence that it determines meets the requirements of § 404.970(a)(5) and (b).  If we need to file a certified administrative record in Federal court, we will include in that record all additional evidence the Appeals Council received during the administrative review process, including additional evidence that the Appeals Council received but did not exhibit or make part of the official record.

20 C.F.R. § 404.976(b).  The first sentence of that regulation makes clear that if additional evidence does not meet the regulatory requirements it will not be marked as an exhibit and will not be made a part of the "official record."  The clear import of that sentence is that evidence that is received but not marked as an exhibit has been determined by the Appeals Council not to meet the regulatory requirements and has not been made a part of the "official record."  However such a case may, in the regular course, be appealed to a federal district court for judicial review.  Anticipating such an eventuality, the regulation provides in the second sentence what will happen in that event—the evidence will be included in "that record" (the certified administrative record in Federal court) but not in the "official record" before the Social Security Administration.

This understanding is confirmed by reference to the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX).

> Generally, the Appeals Council (AC) will consider additional evidence as a basis for granting review only if the claimant shows good cause for not submitting the evidence to the agency previously; the additional evidence is new, material, and relates to the period on or before the date of the hearing decision; and there is a reasonable probability that the additional evidence will change the outcome of the decision. See 20 CFR 404.970(a)(5), (b) and 416.1470(a)(5), (b).
>
> ***
>
> NOTE:
>
> The AC will evaluate all additional evidence it receives, but will only mark as an exhibit and make part of the official record additional evidence it determines meets the requirements of 20 CFR 404.970(a)(5)-(b) and 416.1470(a)(5)-(b). See 20 CFR 404.976(b) and 416.1476(b).

HALLEX I-3-5-20 (A) (SSA Dec. 16, 2020).

Case law also confirms this understanding.  Krauser, 638 F. 3d at 1328 ("whether evidence is 'new, material and chronologically pertinent is a question of law subject to our de novo review.'"); Chambers, 389 F.3d at 1142; Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir.2003).  Considering the clarity of the law on this issue, the Commissioner's argument Dr. Clark's letter was included in the record by the Appeals Council and should be considered by the court along with the other record evidence in its judicial review is disingenuous, bordering on frivolous.

The Appeals Council found Dr. Clark's letter did not qualify for consideration in accordance with the requirements of the regulation.  The court finds that it is, therefore, for the court to make a de novo determination regarding that question.  Plaintiff's argument (that the Appeals Council based its determination not to admit the evidence on a single factor, improbability of changing the outcome, and the court's consideration of any other factor would be upholding the Commissioner's decision by post hoc rationalization and is prohibited) misapprehends the meaning of a de novo determination. De novo is a Latin term that means "anew," "from the beginning," or "afresh."  Thus, in making a de novo determination of whether Dr. Clark's letter meets the requirements provided in 20 C.F.R. § 404.970(a)(5) and (b) for consideration of the evidence, the court must begin with that regulation.  The case upon which Plaintiff relies to preclude post hoc rationalization, Haga, 482 F.3d at 1207-08, is a case relating to substantial evidence review not de novo review and rests upon the very idea that a court may not substitute its judgment for that of the ALJ but must consider whether the ALJ's rationale is supported

by substantial evidence.  In <u>de novo</u> review the court is to make a fresh determination of the question at issue in its own evaluation of the applicable law.

Thus, the court begins with the text of the regulation, noting that the Appeals Council will review a case if (among other potential conditions):

> (a)(5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.
>
> (b) In reviewing decisions other than those based on an application for benefits, the Appeals Council will consider the evidence in the administrative law judge hearing record and any additional evidence it believes is material to an issue being considered. However, in reviewing decisions based on an application for benefits, the Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>
> (ii) There was a death or serious illness in your immediate family;
>
> (iii) Important records were destroyed or damaged by fire or other accidental cause;
>
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or

(v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

20 C.F.R. § 404.970(a)(5), (b) (2021).

In this regulation Plaintiff identifies five criteria for additional evidence to be admitted into the record:  if it is (1) new; (2) material; (3) related to the period on or before the ALJ's decision; (4) there is a reasonable probability that it will change the outcome of the decision; and (5) there is good cause for not previously submitting the evidence.  (Pl. Br. 10-11).  But the regulatory good cause requirement is narrower than suggested in Plaintiff's Brief and requires her to "show good cause for not informing [the SSA] about or submitting the evidence as described in § 404.935 because [of a number of potential reasons]."  20 C.F.R. § 404.970(b).  20 C.F.R. § 404.935 provides identical exceptions as provided in § 404.970(b) above.

Plaintiff claims there is good cause here for not submitting the evidence earlier because the evidence was not created until after the ALJ's decision and was submitted to the Appeals Council the day after it was created.  (Pl. Br. at 12).  In so far as it goes, Plaintiff's argument appears to be supported by the record evidence but it does not go far enough.  As Plaintiff acknowledges, Dr. Clark had earlier provided her opinion on July 2, 2021 in a "Medical Source Statement – Mental" form apparently provided by Plaintiff's counsel.  (R. 534-36).  The ALJ discussed that opinion:

> Dr. Clark provided a medical opinion dated in June 2021 identifying marked and extreme limits in all four mental functioning domains required at work, based on her diagnosis and response to prescribed treatment, even though the record suggests she last counseled the claimant after on [sic] 60-days of care in June 2020 (8F).  Here too, she did not provide specific clinical findings to support her recommended limits, did not indicate her

11

review of the treatment record of others since June 2020, nor provide the date of onset and expected duration of the claimant's limits, if complaint [(compliant?)] in care since March 2020, on review.

Moreover, Dr. Clark's opinion in June 2021 is inconsistent with her last counseling entries suggesting the claimant's mental symptoms stabilized since restarting medications and that her fatigue may be related to an untreated sleep disorder, since that time, rather than mental impairment, overall (1F/24).

(R. 34).

To the extent Dr. Clark's letter opinion submitted to the Appeals Council is consistent with her opinions in the record before the ALJ it is duplicative or cumulative rather than new. Perhaps recognizing this fact, Plaintiff focuses on Dr. Clark's assertions that she treated Plaintiff more frequently than the ALJ found (Pl. Br. 13), that Plaintiff has been compliant with therapy and medication, id. at 14, that improvement (as noted by the ALJ) was inconsistent and did "not last more than a day or two." Id. at 14-15 (quoting R. 11). However, throughout his decision the ALJ repeatedly addressed Plaintiff's allegations Dr. Clark treated her approximately every two weeks for one-and-one-half years:

The claimant's attorney submitted three timely advance-notice letters identifying sources of records that had been requested but not yet received (E.g., 20E, 21E, 24E). But, at the hearing, the representative indicated that all relevant records have been uploaded, and the record may be closed at the end of the hearing.

In this regard, the claimant's representative specifically stated in his June 2021 letter that the claimant had last visited Johnette Clark Ph.D. in May 2021 and Jeff Copeland NP in March 2021, with ongoing care and counseling with Dr. Clark every two weeks (20E, 21E and 23E).[3]

---

[3] As noted in the prior paragraph, the exhibits from Plaintiff's attorney relating to efforts to obtain evidence are Exhibits 20E, 21E, and 24E.

> However, the updated treatment record from the Guidance Center shows the claimant's last visit with NP Copeland in May 2021 and no ongoing care with Dr. Clark since July 2020, on review.  Here too, the claimant suggested in her testimony ongoing counseling with Dr. Clark, yet the claimant's representative indicated the record is complete and no objection to closing it at the end of the hearing.

(R. 20).

> Thereafter [(after January 2021)], the claimant has no ongoing care with her therapist, Johnette Clark Ph.D., at the Guidance Center since canceling her appointment in July 2020 (1F/24), and no ongoing care with NP Copeland since January 2021, except when presenting for care in May 2021 when "trying to get disability" (6F/3).  Otherwise, she has a few medication management tele-visits by Heather Buck APRN through January 2021, but not since (6F/6).

Id. at 30.

> As above, the claimant discontinued counseling with Dr. Clark in June 2020, after only 60-days (1F/24).  Notably, Dr. Clark attributed the claimant's fatigue symptoms in part to possible sleep apnea at that time, but otherwise reported she is doing okay, but is tired with low energy caring for her disabled brother, her young daughter and trying to be "superwoman" for her family (1F/23).

> Without ongoing care since June 2020 (despite testimony at the hearing to the contrary), Dr. Clark also provided a medical opinion one year later without indicating the onset or duration of the recommended limits in her report, dated in July 2021.  As such, her opinion may reflect the claimant's mental function when returning to counseling and care, but not based on observation or exam since July 2020, on review.  Alternatively, Dr. Clark's opinion implies ongoing limits through July 2021, but her limits that are not replicated in the record of other providers nor supported by her own clinical observations even before the claimant canceled counseling sessions and did not return for cares since June 2020, on review (8F).

Id. 31

> Additionally, the claimant testified she has [sic] ongoing counseling with Dr. Clark "every two weeks" through May 2021, but had "an issue with vacation," and has re-booked her appointment for the Monday or Tuesday after the hearing.  However, she did not testify when she last treated with

13

> Dr. Clark prior to May 2021, suggesting she has a lapse in care, overall.
> Here too, despite such testimony and her timely notice of outstanding
> evidence warranting post-hearing development, she did not submit updated
> treatment records in this regard and indicated no objection to closing the
> record at this time.

(R. 32).

The record evidence supports the ALJ's findings above in this regard. Nevertheless, despite the weight of evidence supporting the ALJ's findings, Plaintiff presented Dr. Clark's contrary assertions without providing treatment notes supporting those assertions or an explanation why she did not or could not provide those treatment notes. It begins to appear that Dr. Clark's letter was provided in an attempt merely to obtain another "bite at the apple." That is not the purpose of the regulation or of the statute allowing admission of additional evidence. Plaintiff has not shown good cause for the failure to secure Dr. Clark's letter opinion during proceedings before the ALJ. Moreover, in the face of the ALJ's discussion in the decision and the weight of the evidence supporting it, Plaintiff has not shown a reasonable probability that Dr. Clark's letter would change the outcome of the decision.

Plaintiff's appeal to the court's decision in Fletcher, 2019 WL 3765613, does not require a different result. In Fletcher, the ALJ's decision was dated February 9, 2017. 2019 WL 3765613, *1. At that time, 20 C.F.R. § 404.970 provided the Appeals Council would accept and consider additional evidence if it was new and material and related to the period on or before the date of the ALJ decision. 2019 WL 3765613, at *5 (citing 20 C.F.R. § 404.970 (2015)). The Fletcher court noted that under that regulation, "the Tenth Circuit held that evidence is material 'if there is a reasonable possibility that it would

14

have changed the outcome.'" Id. (citing Threet, 353 F.3d at 1191).  While the case was

on appeal to the Appeals Council, the regulation changed to accept and consider

additional evidence only if the claimant showed good cause, and the evidence was new,

material, related "to the period on or before the hearing decision and there is a reasonable

probability that the additional evidence would change the outcome of the decision." Id.

(quoting 20 C.F.R. § 404.970 (2017)) (underline in Fletcher).  The court noted that the

2017 amendment changed the materiality standard from a reasonable possibility to a

reasonable probability and separated the materiality requirement from the obligation to

show a reasonable probability of a different outcome.  Id.  Relying on this court's holding

that the Appeals Council must apply the regulations in effect on the date of the ALJ's

decision, the Fletcher court remanded because the Appeals Council applied the new

regulation's requirement of a reasonable probability to change the outcome rather than

the former requirement of only a reasonable possibility of changing the outcome.  Id. at

*6 (citing Potter v. Berryhill, Civ. A. No. 17-4050-JWL, 2018 WL 4052205, at *5 (D.

Kan. Aug. 24, 2018)).  Here, the Appeals Council applied the correct standard and, as

noted above, correctly rejected the additional evidence submitted to it.

Plaintiff has not argued error in the ALJ's decision itself and the court's review

has found none.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated April 6, 2023, at Kansas City, Kansas.


 s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**